152 Cal.App.3d 813 (1984)
200 Cal. Rptr. 319
Estate of BURL RICHARD PHIFER, JR., Deceased.
BANK OF AMERICA, as Executor, etc., et al., Petitioners and Respondents,
v.
PATRICK GRADY WHITMAN, Objector and Appellant.
Docket No. B001177.
Court of Appeals of California, Second District, Division Two.
March 6, 1984.
*814 COUNSEL
Clyde L. Bronn for Objector and Appellant.
Baker & Auw and Pierre E. Auw for Petitioners and Respondents.
OPINION
ROTH, P.J.
The decedent, Burl Richard Phifer, Jr., died on or about May 4, 1981. His body was discovered in a motel room in Oceanside, California and the cause of his death was attributed to suicide.
On or about May 3, 1981, the decedent made certain identical holographic additions, deletions and interlineations on several copies of his formal, witnessed will dated February 20, 1981,[1] which may be illustrated as follows:[2]
"LAST WILL AND TESTAMENT OF BURL RICHARD PHIFER, JR.
A RESIDENT OF CALIFORNIA
[Amended by written intil [sic] 5-3-81 Burl Richard Phifer, Jr.]
"FOURTH: I give and bequeath my interests in the real property located at 233 Seal Beach Blvd, Seal Beach, California to [Patrick Grady Whitman] [Larry B. Stevenson BRP 5-3-81]. Should he predecease me said property *815 shall pass in equal portions to [Larry B. Stevenson] [BRP] and my brother, Robert Dale Phifer of Savanna, Oklahoma.
"FIFTH: I give and bequeath to Patrick Grady Whitman [75] [30 BRP 5-3-81] per cent interest in my veterinary practice known as Seal Beach Marina Veterinary Clinic.... I bequest the remainder of the practice interest in the following manner, [20] [50 BRP 5-3-81] per cent to Delia Marie Burchfield, D.V.M., 1216 South Main Street, Fallbrook California and [5] [20 BRP 5-3-81] per cent to Ethel Roberts....
"SIXTH: I give and bequeath my interests in the real property located at 1216 South Main Street, Fallbrook, California to [Patrick Grady Whitman.] [Delia Marie Burchfield 5-3-81 BRP]
".... .... .... .... .... .... . .
"EIGHTH: I give and bequeath to Patrick Grady Whitman [60] [10 BRP 5-3-81] per cent interest in my veterinary practice known a Huntington Harbour Veterninary Clinic ... I bequest the remainder of the practice interest in the following manner [40] [90 BRP 5-3-81] per cent to Delia Marie Burchfield, D.V.M.....
".... .... .... .... .... .... .
"TWELVETH: I give and bequeath to [Patrick Whitman] [Bobby Dale Phifer and Clara Jean Gillin] [BRP 5-3-81] the real property, including house, barn, and 162 acres, located at Route 1, Purdy, Barry County...."
The decedent also composed the following handwritten letter:
"5-4-81
"Patrick
"I tried to call you to tell you I loved you one last time but you weren't home.
"I made some changes in the will but not from any ill feelings. Simply maybe the one change will help Larry out of a financial bind. The other change I believe is legal in that a licensed DVM is req [sic] to own a major portion of a practice & the Third change is the ranch is valuless [sic] to you & might help my Brother & Sister.
"Please know you are my only love & the thought of continuing life under present circumstances I cannot cope with.
 "All of my love
 RP"
*816 On May 10, 1983, the trial court made its order admitting codicils to probate which provided in part that:
"2. The decedent made changes on his former will dated February 20, 1981, by a valid holographic codicil dated May 3, 1981, said codicil being located in the upper right-hand corner of the first page of the formal will heretofore admitted to probate, and reading: `Amended by hand written initial 5-3-81 Burl Richard Phifer, Jr.' By inference from all the facts and circumstances surrounding its execution, said codicil incorporated by reference the various holographic deletions and interlineations on pages 2, 3 and 4 of the formal will.
"3. As an additional and independent ground for admitting the written deletions and interlineations to probate as a holographic codicil, the court finds that individually, each deletion and interlineation, with the exception of those deletions and interlineations appearing on lines 4 and 5 of paragraph Fourth on page 2, qualifies as a valid holographic codicil since each was in the handwriting of, and was dated and signed by the decedent in conformity with Probate Code § 53. Each change is dated and each change, except as noted above, is initialed `BRP.'
".... .... .... .... .... .... .
"5. The decedent's letter dated May 4, 1981, addressed to PATRICK is also a valid holographic codicil written entirely in the decedent's handwriting, dated and signed by using the testator's initials. The court finds that the document was executed with testamentary intent in that it explains and clarifies the construction of certain provisions contained in the formal will and the codicil dated May 3, 1981."
The appeal is from this order. (See Prob. Code, § 1240, subd. (c).)
At the pertinent times herein,[3] Probate Code section 53 provided that: "A holographic Will is one that is entirely written, dated and signed by the hand of the testator himself. It is subject to no other form, and need not be witnessed. No address, date or other matter written, printed or stamped upon the document, which is not incorporated in the provisions which are in the handwriting of the decedent, shall be considered as any part of the will." (Italics added.)
*817 (1) Stated simply, we are persuaded no more is required to conclude the requirements of this statute were not met under the circumstances described and that the trial court's rulings were therefor in error than to refer to the opinion in Estate of Black (1982) 30 Cal.3d 880 [181 Cal. Rptr. 222, 641 P.2d 754]. What was reiterated there was that the necessity for a holographic will to be entirely in the handwriting of the testator is satisfied in spite of the presence in the instrument of printed (nonhandwritten) matter, so long as the printed words were "`not relevant to [the holograph's] substance or essential to its validity as a will or codicil.'" (Id. at p. 884), where the "substance" of the holograph was understood as meaning its "dispositive provisions." (Ibid. at p. 885.) In contrast to the facts present in Black, however, where the printed matter was viewed essentially as surplusage to an otherwise complete testamentary document, the handwriting involved here is wholly unintelligible, devoid of testamentary intent and without substance as previously defined, except insofar as it is explained by incorporating the typewritten provisions of the formal will to which it relates.
So, standing alone, what was set down by the decedent was:
"Amended by Handwritten initil [sic] 5-3-81
"Larry B. Stevenson BRP 5-3-81
"BRP
"30 BRP 5-3-81
"50 BRP 5-3-81
"20 BRP 5-3-81
"Delia Marie Burchfield 5-3-81 BRP
"10 BRP 5-3-81
"90 BRP 5-3-81
"Bobby Dale Phifer & Clara Jean Gillin BRP 5-3-81"
Such being the case, and no matter how liberally the majority opinion in Black is interpreted, it is manifest, in our view, that what was attempted to be accomplished by the decedent in this respect must be deemed a nullity, *818 even though it may be equally apparent from the totality of facts what his intentions were.[4]
Nor is this conclusion altered by the notion the language "Amended by Handwritten initil [sic] 5-3-81 Burl Richard Phifer, Jr." itself constitutes a codicil, which, in turn, is sufficient to incorporate by reference the remaining handwritten material appearing on the face of the formal will, since, again, the quoted language derives its meaning only from its relation to the formal will. (See In re McCarty's Estate (1962) 211 Cal. App.2d 23 [27 Cal. Rptr. 94].)
(2) Similarly, because the handwritten letter of May 4, 1981, evidences testamentary intent, if at all, solely to the extent it is conjoined with the foregoing invalid attempts at modification of the formal will, it too should not have been admitted to probate.
Finally, it is urged by appellant that having decided there was error herein, we should also determine the decedent's futile efforts to create a holographic will should not be seen as having partially revoked the formal will, by virtue of the doctrine of dependent relative revocation (see generally, 7 Witkin, Summary of Cal. Law (8th ed. 1974) Wills and Probate, § 155, p. 5670) or, alternatively, that if such partial revocation occurred, the property subject thereto should pass in accordance with the terms of the residuary clause of the formal will. Viewing the questions as not properly before us, and because their resolution would require us to anticipate rulings thereon by the trial court, we decline to address them.
The order appealed from is reversed and the cause is remanded for further proceedings consistent with this opinion.
Compton, J., and Beach, J., concurred.
NOTES
[1] Individual copies containing the revisions were mailed bearing postmarks of May 5, 1981, to several of the legatees and devisee named in the formal will.

The original of the formal will having been lost, a copy of it was admitted to probate.
[2] The additions, deletions and interlineations appear in brackets.
[3] Probate Code section 53 as amended in 1982 provides that: "(a) A will which does not comply with Section 50 is valid as a holographic will, whether or not witnessed, if the signature and the material provisions are in the handwriting of the testator." (Italics added.)
[4] "Of course, the intent of the deceased is obvious. He was endeavoring to make a valid olographic will, and the manner in which he desired his property to go is clearly specified. Nor can there be a suspicion as to the genuineness of the document. But all this is beside the question. We are confronted here with the question whether in this document there has been that substantial compliance with the mandatory requirements of our statutes relative to the execution of wills that is absolutely essential to the existence of a valid will." (Estate of Thorn (1920) 183 Cal. 512, 514 [192 P. 19].)